UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| OLALEKAN JACOB PONLE, | Civil Action No. 25-3330 (SDW) |
| Petitioner, | |
| v. | OPINION |
| WARDEN, FCI FORT DIX, | |
| Respondent. | |

**IT APPEARING THAT:**

1. Presently before this Court is the amended petition for writ of habeas corpus under 28 U.S.C. § 2241 ("Amended Petition") filed by Petitioner Olalekan Jacob Ponle, a federal prisoner presently detained in FCI Fort Dix. (ECF No. 6).[1]

2. Petitioner asks this Court to order the Bureau of Prisons ("BOP") to award him First Step Act ("FSA") earned time credits. (*Id.* at 2). He states that his convictions are not "enumerated offenses which are ineligible from [FSA] benefits … ." (*Id.*) He also asserts that he does not have a final order of deportation, which would also disqualify him from FSA credits. (*Id.*)

3. "A court, justice or judge entertaining an application for a writ of habeas corpus shall forthwith award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." 28 U.S.C. § 2243.

---

[1] This Court administratively terminated the original petition as Petitioner had not paid the filing fee or used the Clerk's form. (ECF No. 2). This Court will now reopen the proceedings as Petitioner has paid the filing fee.

4. A habeas corpus petition is the proper mechanism for a federal prisoner to challenge the "fact or duration" of his confinement. *Preiser v. Rodriguez*, 411 U.S. 475, 498–99 (1973*); see also Muhammad v. Close*, 540 U.S. 749 (2004).

5. A *pro se* pleading is held to less stringent standards than more formal pleadings drafted by lawyers. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976); *Haines v. Kerner*, 404 U.S. 519, 520 (1972). A *pro se* habeas petition must be construed liberally. *See Hunterson v. DiSabato*, 308 F.3d 236, 243 (3d Cir. 2002). Nevertheless, a federal district court must dismiss a habeas corpus petition if it appears from the face of the petition that petitioner is not entitled to relief. 28 U.S.C. § 2254 Rule 4 (made applicable through Rule 1(b)); *see also McFarland v. Scott*, 512 U.S. 849, 856 (1994); *Siers v. Ryan*, 773 F.2d 37, 45 (3d Cir. 1985), *cert. denied*, 490 U.S. 1025 (1989).

6. "Although there is no statutory exhaustion requirement attached to § 2241," the Third Circuit has "consistently applied an exhaustion requirement to claims brought under § 2241." *Callwood v. Enos*, 230 F.3d 627, 634 (3d Cir. 2000). "Exhaustion is the rule in most cases, and failure to exhaust will generally preclude federal habeas review." *Rodriguez v. Sage*, No. 1:22–cv–2053, 2023 WL 2309781, at *2 (M.D. Pa. Mar. 1, 2023) (citing *Moscato v. Fed. Bureau of Prisons*, 98 F.3d 757, 761 (3d Cir. 1996)).

7. Exhaustion is required because: "(1) allowing the appropriate agency to develop a factual record and apply its expertise facilitates judicial review; (2) permitting agencies to grant the relief requested conserves judicial resources; and (3) providing agencies the opportunity to correct their own errors fosters administrative autonomy." *Moscato*, 98 F.3d at 761–62. Failure to exhaust administrative remedies "generally bars review of a federal habeas corpus petition absent a showing of cause and prejudice[.]" *Id.* at 761.

8.  The BOP's administrative remedy system has three tiers allowing "an inmate to seek formal review of an issue relating to any aspect of his/her own confinement." 28 C.F.R. § 542.10(a). "[A]n inmate shall first present an issue of concern informally to staff, and staff shall attempt to informally resolve the issue before an inmate submits a Request for Administrative Remedy." 28 C.F.R. § 542.13(a). Next, the inmate submits a formal written administrative remedy request to the facility warden on the BP–9 form. 28 C.F.R. § 542.14(a). "An inmate who is not satisfied with the Warden's response may submit an Appeal on the appropriate form (BP–10) to the appropriate Regional Director within 20 calendar days of the date the Warden signed the response." 28 C.F.R. § 542.15(a). "An inmate who is not satisfied with the Regional Director's response may submit an Appeal on the appropriate form (BP–11) to the General Counsel within 30 calendar days of the date the Regional Director signed the response." *Id.* "Appeal to the General Counsel is the final administrative appeal." *Id.*

9.  Petitioner candidly admits that he did not use the BOP's administrative remedy system. (ECF No. 6 at 6). He argues that exhaustion is futile because his conditional release date was June 20, 2023. (*Id.*)

10.  "[T]he administrative exhaustion requirement may be excused if an attempt to obtain relief would be futile or the purposes of exhaustion would not be served." *Johnson v. United States*, No. 14–cv–5207, 2014 WL 4388610, at *4 (D.N.J. Sept. 5, 2014). "However, the futility excuse applies when there is a showing that the agency's actions did and do clearly/unambiguously violate statutory or constitutional rights, and so the administrative procedures would be inadequate to prevent irreparable harm." *Id.*

11.  Here, Petitioner made a conscious decision to skip the administrative remedy program and deprived the BOP of the chance to correct Petitioner's credits, if necessary, without

3

judicial intervention. Courts in this District have not excused the exhaustion requirement when the failure to exhaust was a choice. *See Hayes v. Ortiz*, No. 20–cv–5268, 2020 WL 3425291, at *5 (D.N.J. June 23, 2020) ("By choosing to skip the administrative process, Petitioner has delayed any relief that was available to him.")

12. This Court finds that Petitioner has not demonstrated cause for his failure to exhaust and will dismiss the Amended Petition accordingly.

13. An appropriate order follows.

Hon. Susan D. Wigenton,
United States District Judge
Dated: June 26, 2025